UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROOPRANIE JOKHU,<br><br>    Defendant. | Case No. 06-398 M<br><br>DETENTION ORDER |

<u>Offense charged</u>:

    Count One:  Possession of Ecstacy with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

    Count Two: Unlawful Importation of Ecstasy in violation of 21 U.S.C. §952(a)(1), 960(a)(1) and 960(b)(3).

<u>Date of Detention Hearing</u>:    August 9, 2006.

    The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds:

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

    (1)    Defendant is a Canadian citizen with no contacts to this jurisdiction.

    (2)    Defendant is facing the possibility of substantial time in prison, with possible sentences of up to twenty (20) years on each count.

    (3)    Defendant has no employment and questionable means of support.

    (4)    Defendant was detained at the Canada-U.S. border with a substantial amount of

DETENTION ORDER                                        15.13
18 U.S.C. § 3142(i)                           Rev. 1/91
PAGE 1

ecstacy in her rented car. The quantity was approximately 31 kilograms with a street value of $1.5 million.

      (5)     Defendant has little tying her to British Columbia, except for her children. She has a strong incentive to flee rather than face the charges against her.

      (6)     There appear to be no conditions or combination of conditions other than detention that will reasonably assure the defendant's appearance at future Court hearings as required.

IT IS THEREFORE ORDERED:

(1)     Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)     Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3)     On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)     The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this <u>9th</u> day of August, 2006.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

DETENTION ORDER                                  15.13
18 U.S.C. § 3142(i)                         Rev. 1/91
PAGE 2